## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Linwood Gray, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil No. 1:14-cv-00937 (APM) |
| | ) |
| Harry Staley, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>MEMORANDUM OPINION</u>

On August 10, 2015, the court dismissed Plaintiff Linwood Gray's Complaint with prejudice on the ground that his claims were barred by the applicable statute of limitations. *See Gray v. Staley*, __ F.R.D. __, No. 1:14-cv-00937 (APM), 2015 WL 4735526, at *5-6 (D.D.C. Aug. 10, 2015); Order, ECF No. 33 (hereinafter Dismissal Order).  Plaintiff has filed a motion to alter or amend the court's judgment under Federal Rule of Civil Procedure 59(e), asking the court to vacate its Dismissal Order.  Mot. to Alter or to Amend, ECF No. 35[1] [hereinafter Mot. to Alter]. Plaintiff's motion advances two arguments.  First, he contends that the court clearly erred when it failed to apply the "mailbox rule" in fixing the date on which he filed his Complaint.  *See id.* at 2-9.  Under that rule, Plaintiff's Complaint would have been deemed filed as of the date he delivered it for mailing to prison authorities.  Second, he argues that the court clearly erred in not finding

---

[1] Plaintiff filed two Motions to Alter or Amend Judgment.  The first motion, which was received by the Office of the Clerk on September 9, 2015, is listed as ECF No. 34, while the second motion, which was received by the Office of the Clerk on September 15, 2015, is listed as ECF No. 35.  The only differences between the two documents are the dates on which they were signed by Plaintiff—August 31, 2015, and September 4, 2015, respectively—and the addition of a single footnote in the later-filed document.  The footnote reads: "This submission is under the mail box rule, today is September 4, 2015[.]  Monday is Labor Day and mail won't be processed until September 8, 2015, even though this submission is being placed today in the institutional mail box. L Gray[.]" Mot. to Alter, ECF No. 35, at 15.  Because the two motions are effectively the same, the court's memorandum opinion and separate order apply to both motions.

that his claim under the District of Columbia Uniform Partnership Act was a "continuing tort." If viewed as a continuing tort, Plaintiff contends, the claim would fall within the relevant statute of limitations and remain viable. *See id.* at 9-15. Neither argument warrants altering, amending, or vacating the Dismissal Order.

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (citations omitted). Such motions are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citations omitted).

***Mailbox Rule.*** Although Plaintiff asserts that the court's failure to apply the mailbox rule was "clear error," Mot. to Alter at 2, 9, that asserted error, at least in this jurisdiction, is far from "clear"—if it even constitutes error. The Supreme Court held in *Houston v. Lack*, 487 U.S. 266, 270 (1988), that a *pro se* inmate's notice of appeal was deemed filed at the moment he delivered it to prison authorities for mailing to the district court. In announcing what is colloquially referred to as the "mailbox rule," the Court emphasized that, unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to timely file a document, but instead must entrust filings to prison officials "whom [they] cannot control or supervise and who may have every incentive to delay." *Id.* at 271.

Our Court of Appeals, however, has not expressly applied the mailbox rule to the filing of complaints. The closest it has come to addressing the question was in *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998), in which the court considered the timeliness of a *pro se* prisoner's Rule 59(e) motion and commented that the date "when [the plaintiff] gave his motion

to prison officials for delivery to the district court" was "the key date under the 'mailbox rule' for *pro se* prisoner pleadings." The district courts in this jurisdiction have taken different approaches to applying the mailbox rule to complaints. *Compare Earle v. Holder*, 815 F. Supp. 2d 176, 179 n. 3 (D.D.C. 2011) (applying mailbox rule to fix date of filing of complaint), *and Rush v. FBI*, No. 09-cv-0955, 2009 WL 1438241, at *1 (D.D.C. May 21, 2009) (same), *with Kareem v. FDIC*, 811 F. Supp. 2d 279, 283 (D.D.C. 2011) (rejecting application of mailbox rule to a complaint and stating that "[i]t is well settled that 'the date on which the complaint was received by the clerk of court filing is the critical date for statute of limitations purposes'") (citation omitted). By contrast, courts in other jurisdictions typically have applied the mailbox rule to *pro se* prisoner complaints. *See Sierra v. Ramirez*, No. CV 07-75-CL, 2007 WL 4150965, at *2 & n. 2 (D. Or. Nov. 19, 2007) (observing that "[a]lmost every other circuit has applied the mail box rule to the filing of civil rights complaints under § 1983 by pro se inmates" and collecting cases).

This court need not resolve whether the "mailbox rule" was applicable in this case, because even if it did apply, the court still would have dismissed the Complaint with prejudice. Plaintiff signed his Complaint on May 21, 2014. Compl., ECF No. 1, at 18. Assuming May 21, 2014, to be the formal filing date—instead of May 28, 2014, the Complaint's filed-stamped date cited in the court's Memorandum Opinion, *see Gray*, 2015 WL 4735526, at *5—for Plaintiff's claims to have been timely, he would have had to have been on inquiry notice about his claims no earlier than May 21, 2011. But as the court's opinion makes clear, Plaintiff was on inquiry notice of his claims well before May 21, 2011, and thus all of his claims are time-barred. *See id.* (concluding that "the Staleys' ownership of McDonald's franchises was not difficult to discover before May 2011" and that "Gray would have been on inquiry notice of the property's foreclosure sale in 1985," during the pendency of Gray's and Defendant Harry Staley's criminal case). Accordingly,

even if the court had applied the mailbox rule and deemed the Complaint formally filed as of May 21, 2011, the court still would have dismissed it with prejudice.

***Violation of the D.C. Uniform Partnership Act as a Continuing Tort.*** Plaintiff's second ground for vacating the Dismissal Order—that his claim under the D.C. Uniform Partnership Act was a continuing tort—fares no better. As a threshold matter, Plaintiff cannot satisfy the Rule 59(e) standard because he could have made that argument in opposing Defendants' motion to dismiss, but failed to do so. A "Rule 59(e) motion is not . . . a means to bring before the Court theories or arguments that could have been advanced earlier." *Niedermeier*, 153 F. Supp. 2d at 28 (citation omitted) (internal quotation marks omitted).

Moreover, Plaintiff has failed to demonstrate clear error by the court. Plaintiff contends that his Complaint sufficiently establishes that he and Harry Staley had an "ongoing legal business relationship" and that his accusations against Harry Staley "constitute[ ] continuing torts and the statute of limitations should be tolled due to the overwhelming facts." Mot. to Alter at 15. Even if violation of the D.C. Uniform Partnership Act could be considered a continuing tort, however, "the statute of limitations period for continuing torts begins to run once a plaintiff has inquiry notice of a potential cause of action." *Jung v. Mundy, Holt & Mance, P.C.*, 372 F.3d 429, 433 (D.C. Cir. 2004) (citations omitted). Thus, when a plaintiff is or should be aware of an injury caused by a continuing tort, the statute of limitations begins to run. *See id.* This inquiry-notice rule applicable to continuing torts is the very rule that the court applied to all of Plaintiff's claims. *See Gray*, 2015 WL 4735526, at *4-*5. And the court held that Plaintiff was on inquiry notice of his claimed injuries more than three years before Plaintiff filed suit. *Id.* at *5. Therefore, even if Plaintiff's claim under the D.C. Uniform Partnership Act qualified as a continuing tort, it would not have saved Plaintiff's claim from being time-barred.

To the extent Plaintiff is advancing the more nuanced argument that, because the alleged partnership never dissolved, his equitable claim for an accounting of the partnership's assets did not start to accrue, *see* Mot. to Alter at 15 ("There has been [NO] dissolution of the partnership and Harry['s] fiduciary breaches are clear and Plaintiff is entitled to equitable relief."), the court rejects it, as well.   First, Plaintiff did not raise that argument in opposition to Defendants' motion to dismiss. *See Niedermeier*, 153 F. Supp. 2d at 28.   And, second, on the merits, in *Warren v. Chapman*, 535 A.2d 856, 859-60 (D.C. 1987), the Court of Appeals held that, "where a demand for an accounting has been made in connection with the dissolution of a partnership, the limitations period commences to run for an action between partners for an accounting and settlement only after a sufficient time has elapsed after such demand to enable those on whom it has been made to comply."   That rule is inapplicable here, as Plaintiff does not argue that his demand for an accounting was "made in connection with the dissolution of a partnership."   To the contrary, he contends that the partnership continues today.  Mot. to Alter at 13-14.  Thus, in the circumstances as alleged, Plaintiff has offered no reason why the court clearly erred in applying the rule that accrual commenced, at the latest, when he was put on inquiry notice of Defendants' alleged misdeeds.

## CONCLUSION

For the foregoing reasons, Plaintiff Gray's Motion to Alter is denied.  A separate Order accompanies this Memorandum Opinion.

Dated:  October 22, 2015

Amit P. Mehta
United States District Judge