## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**LINWOOD GRAY,**                        )
                                        )
    **Plaintiff,**                        )
                                        )
       **v.**                              )     **Case No. 1:14-cv-00937 (APM)**
                                        )
**HARRY L. STALEY, et al.,**             )
                                        )
    **Defendants.**                       )
_____ )

### MEMORANDUM OPINION

Plaintiff Linwood Gray filed this lawsuit in May 2014, seeking to hold Defendants Harry Staley, Joann Hartley Staley, and Annis Alston Staley liable for a variety of common law tort claims arising from the alleged misappropriation of assets Plaintiff gave the Defendants and subsequent fraudulent concealment. The court dismissed Plaintiff's Complaint with prejudice after determining all his claims were time barred. *See Gray v. Staley*, 310 F.R.D. 32 (D.D.C. Aug. 10, 2015).

This case returns to the court on remand from the Court of Appeals. The Court of Appeals directed this court "to consider whether the statute of limitations applicable to [Plaintiff's] claims was tolled under D.C. Code § 12-302(a)(3)" while Plaintiff was incarcerated. *Gray v. Staley*, No. 15-7097 (D.C. Cir. Aug. 29, 2016). After thoroughly reviewing the ascertainable facts, the court concludes that Plaintiff's claims tolled for a period of time but nonetheless remain time barred. Accordingly, the court reaffirms its dismissal of Plaintiff's Complaint with prejudice and formally denies Plaintiff's Motion for Reconsideration.

I.     **BACKGROUND**

The basic facts, as alleged in Plaintiff's Complaint, are as follows:

> [B]eginning in 1977, Plaintiff Linwood Gray and Defendant Harry
> Staley discussed possible investment opportunities, including the
> option of purchasing McDonald's franchises.  In 1978, the two men
> opened an insurance company to generate income to purchase the
> franchises.  Plaintiff contributed $25,000 toward the company, as
> well as a new Cadillac that was intended to be the company car.
>
> In 1982, Gray entered into another arrangement with Harry Staley,
> as well as Harry's then-wife, Defendant Joann Staley.  Plaintiff had
> his residence transferred into the control of Harry and Joann, who
> were to hold the property on Plaintiff's behalf.  Thereafter, without
> Plaintiff's knowledge, Harry and Joann acquired a personal loan
> against the property.
>
> Several years later, in 1985, Gray asked Harry and Joann to take out
> a loan against his residence to save the property from foreclosure.
> Harry and Joann then allegedly lied to Plaintiff, claiming that they
> could not find a lender, and failed to inform him that they already
> had encumbered the home with a personal loan.  In late 1985, the
> house was sold at a foreclosure auction.  Without Gray's knowledge,
> Harry and Joann received $50,000 from the sale.
>
> Fast-forward 26 years to 2011.  In mid-2011, Gray allegedly learned
> for the first time that Harry and his new wife, Defendant Annis
> Staley, "had secretly opened 'seven' McDonald's franchises, in the
> state of New Jersey without apprising Plaintiff of their acquisitions,"
> using "Plaintiff's capital . . . to make the initial franchise
> acquisitions."  An email attached to Plaintiff's complaint shows that
> on May 26, 2011, he asked a friend named Johnnie Ervin to "run
> down a guy named Harry L. Staley. . . .  Could be the owner of a
> few McDonalds and possibly live in NJ, [which is] the last address
> I had on him."  Five days later, on May 31, 2011, Ervin wrote back
> confirming that Staley indeed was the owner of seven McDonald's
> franchises.
>
> . . . .
>
> On May 28, 2014, almost three years to the day after he received the
> email from Ervin, Gray filed suit against the Defendants.  Asserting
> that Defendants' McDonald's franchises were financed in part by
> profits from his investments and the sale of his house, Plaintiff
> brought various claims against Defendants: (1) aiding and abetting;
> (2) constructive fraud; (3) civil conspiracy; (4) unjust enrichment;

      (5) breach of fiduciary duty; (6) violation of the Uniform Partnership
Act; (7) false misrepresentation; and (8) fraudulent concealment.

*Id.* at 34–35 (citations and footnote omitted).

      Plaintiff has a long history of criminal activity and convictions.  In 1979, while Plaintiff was serving a sentence for income tax offenses, Plaintiff and Defendant Harry Staley were indicted on charges of conspiracy to extort and conceal property and concealment of property from the Internal Revenue Service.  *See United States v. Gray*, 788 F.2d 1031 (4th Cir. 1986).  The property at issue in *United States v. Gray* is the same house that Plaintiff, in this matter, claims he gave Harry Staley and which Harry and Joann Staley purportedly misappropriated.  *See Gray*, 310 F.R.D. at 38–39.  Plaintiff and Harry Staley were convicted, awarded a new trial on appeal, and convicted a second time.  *See United States v. Gray*, 852 F.2d 136, 137–38 (4th Cir. 1988).  Plaintiff was sentenced to eight years' imprisonment.  *Id.* at 138.

      Plaintiff was released from prison sometime before December 1992.  Although Plaintiff's precise date of release is unknown, it is clear he was not incarcerated as of December 1992, when the Drug Enforcement Agency observed Plaintiff and a cooperating witness exchange heroin and cash for jewelry Plaintiff believed was stolen.  *See United States v. Bracey*, 104 F.3d 359, 1996 WL 741129, at *2 (4th Cir. 1996) (per curiam).  Plaintiff was arrested on June 9, 1994, and subsequently convicted of conspiracy to distribute heroin and cocaine and distribution of heroin, for which he was sentenced to 405 months' imprisonment.  *See id.* at *1; Pl.'s Letter to the Court, ECF No. 45, at 7.

      Plaintiff, proceeding pro se, filed the present civil action in May 2014 while still incarcerated for his drug conspiracy and distribution convictions.  The court dismissed Plaintiff's Complaint with prejudice after concluding all his claims were barred by the District of Columbia's three-year statute of limitations.  *See* D.C. Code § 12-301(8); *Gray*, 310 F.R.D. at 37–39.  Central

to the court's holding was its determination that "Plaintiff's injury arose, and his causes of action began to accrue, at the latest, in 1985, when Harry and Joann [Staley] misappropriated the proceeds of the property sale." *Gray*, 310 F.R.D. at 37–38.

Plaintiff subsequently filed a Motion to Alter or Amend Judgment, in which he argued, in relevant part, that the Mailbox Rule should have been applied to determine the date his Complaint was filed. *See* Pl.'s Mot. to Alter or Amend J., ECF Nos. 34 & 35. The court indicated that it would deny the motion on the ground that, even assuming the Mailbox Rule applied and the Complaint was filed on May 21 instead of May 28, 2014, dismissal with prejudice was still warranted. "Plaintiff was on inquiry notice of his claims *well before* May 21, 2011," given that "the Staleys' ownership of the McDonald's franchises was not difficult to discover" and "Gray would have been on inquiry notice of the property's foreclosure sale in 1985." *See Gray v. Staley* (*Gray II*), 140 F. Supp. 3d 84, 86–87 (D.D.C. 2015).[1]

Plaintiff appealed the dismissal of his Complaint. Notice of Appeal, ECF No. 36. On its own motion, the Court of Appeals remanded the case for this court "to consider whether the statute of limitations applicable to [Plaintiff's] claims was tolled under D.C. Code § 12-302(a)(3)" while Plaintiff was incarcerated. USCA Order, ECF No. 49. The court now turns to that question.

## II.   DISCUSSION

Under District of Columbia law, the statute of limitations on an individual's claim tolls if, "at the time the right of action accrues, [the plaintiff is] imprisoned." D.C. Code § 12-302(a)(3). An action "accrues" within the meaning of Section 12-302 "when the plaintiff suffers an injury." *District of Columbia v. Tinker*, 691 A.2d 57, 64 (D.C. 1997). Thus, if a plaintiff suffers an injury

---

[1] Because Plaintiff filed his Notice of Appeal before the court could rule on his Motion to Alter, the court was divested of jurisdiction and, for that reason, only indicated that it would deny the Motion on remand instead of formally denying it. *See* Mem. Op. & Order, ECF No. 43.

while he is incarcerated, then the statute of limitations on that claim will not begin to run until Plaintiff is released from prison. *Cf. id.* Importantly, once the plaintiff is released, the statute begins to run and "is not tolled again if the inmate is re-arrested." *Id.*; *accord Patrick v. District of Columbia*, 179 F. Supp. 3d 82, 90 (D.D.C. 2016).

Applying D.C. Code § 12-302(a)(3) to Plaintiff's history of incarceration, the court concludes that the limitations period had run by the time Plaintiff filed his Complaint. Previously, the court held that Plaintiff's claims accrued sometime in 1985, when Plaintiff's foreclosed-upon house was sold at auction *and* Plaintiff was in the midst of his criminal case with Staley. *Gray*, 310 F.R.D. at 39. The court applied the discovery rule and found that Plaintiff could "have learned through the exercise of reasonable diligence what happened to the subject property when the very same property was at issue in his criminal case." *Gray*, 310 F.R.D. at 39; *see also Gray II*, 140 F. Supp. 3d at 86–87. In 1985, however, Plaintiff was incarcerated. Thus, under Section 12-302(a)(3), the statute of limitations tolled from the time Plaintiff's claims accrued in 1985 until Plaintiff's release from prison. *See Tinker*, 691 A.2d at 64. The precise date of Plaintiff's release is unknown, but he was released sometime prior to December 1992, when he engaged in criminal conduct that led to his eventual re-arrest and re-incarceration on June 9, 1994. *See Bracey*, 1996 WL 741129, at *2. That re-arrest did not toll the limitations period for a second time. *See Tinker*, 691 A.2d at 64. Consequently, because more than three years have elapsed between the early 1990s, when Plaintiff was released from prison and the limitations period began to run, and May 2011, when Plaintiff filed suit, his claims are time barred. *See* D.C. Code § 12-301(8).

## III.   CONCLUSION

In light of the foregoing, the court concludes that the statute of limitations on Plaintiff's claims tolled from the time they accrued, in 1985, until Plaintiff's release from prison, sometime

prior to December 1992.  Given that Plaintiff did not file his Complaint until May 2011, all of Plaintiff's claims are barred by the District of Columbia's three-year statute of limitations. Accordingly, the court reaffirms its dismissal of Plaintiff's Complaint with prejudice and formally denies Plaintiff's Motion for Reconsideration.  A separate Order accompanies this Memorandum Opinion.

Dated:  December 15, 2016

Amit P. Mehta
United States District Court Judge