UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **LINWOOD GRAY,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14-cv-00937 (APM) |
| **HARRY STALEY, et al.,** | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Linwood Gray's "Rule 60(b)(2) Motion Predicated on a Valid Request for Judicial Notice 201(c)(2) That is Germane to the Pending Case" ("Rule 60(b)(2) Motion"). Pl.'s Mot. for Relief from J., ECF No. 55 [hereinafter Pl.'s Mot.]. The court may consider the motion, even though this matter is on appeal. *See Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) (stating that "the District Court may consider the 60(b) motion" simultaneously with appellate review).

Plaintiff's Rule 60(b)(2) Motion is predicated on his recent discovery of evidence that, according to him, negates the central premise of the court's ruling that dismissed his action as time-barred. Pl.'s Mot. at 1. That evidence, Plaintiff claims, is "the 'best evidence' pertaining to the foreclosure of his formal residence"—the home that Defendants Harry Staley and Joann Staley purportedly stole out from underneath him. *See* Mem. Op., ECF No. 32 [hereinafter Mem. Op.], at 2. Obtained from "the archives of archaic documents," the new evidence consists of property records from Prince George's County, Maryland, which purport to show that Defendants did not make a profit on the sale of the home when the bank foreclosed on it in 1985. *See* Pl.'s Mot. at 1–

2. Instead, the property was sold at a loss. *See id.* at 15–17 (Exs. F, G-1, G-2). Plaintiff contrasts this new evidence with the court's decision dismissing the case, in which the court, based on the allegations in Plaintiff's Complaint, assumed that the foreclosure netted Defendants $50,000. Mem. Op. at 2. Plaintiff characterizes the court's reliance on the $50,000 sum as the "linchpin" of its ruling. Pl.'s Mot. at 2. He claims that the "newly acquired Court Records purely repudiates and invalidates [sic] the presumption of a $50,000 surplus, because there was no surplus." *Id.* Accordingly, Plaintiff submits, this error requires the court to grant relief from the judgment against him. *Id.*

Plaintiff's argument is frivolous. To prevail under Rule 60(b)(2), Plaintiff must demonstrate:

> (1) the newly discovered evidence is of facts that existed at the time of trial or other dispositive proceeding; (2) the party seeking relief was justifiably ignorant of the evidence despite due diligence; (3) the evidence is admissible and is of such importance that it probably would have changed the outcome; and (4) the evidence is not merely cumulative or impeaching.

*West v. Holder*, 309 F.R.D. 54, 57 (D.D.C. 2015) (quoting *Duckworth v. United States ex rel. Locke*, 808 F. Supp. 2d 210, 216 (D.D.C. 2011)). Plaintiff's "newly" discovered evidence is not "new" at all. The property records came into existence in 1985 and have been available publicly since then. Plaintiff has not explained why he was unable to obtain and present the evidence earlier. *See id.* at 57–58 (rejecting Rule 60(b)(2) motion where the "new" evidence were public court records and the plaintiff did "not explain[] why he failed to present the evidence earlier").

Additionally, Plaintiff is simply wrong to say that Defendants' alleged $50,000 profit on the home foreclosure was the "crux" of the court's decision. The court's Memorandum Opinion states, in relevant part:

> Plaintiff and Defendant Harry Staley were co-defendants in [a criminal] case, which seemingly involved the same piece of residential property at issue here. If the property at issue is the same—Gray says it is—then Gray would have been on inquiry notice of *the property's foreclosure sale* in 1985, which occurred during the pendency of his and Staley's criminal case and remained in active litigation until 1988. Plaintiff cannot now claim, nearly 30 years after the sale, that he could not have learned through the exercise of reasonable diligence what happened to the subject property when the very same property was at issue in his criminal case. He easily could have asked his then-lawyer what had become of the property. Or he could have conducted a public records search, then or any time thereafter, which would have evidenced the property's foreclosure and sale.

Mem. Op. at 11 (emphasis added) (citations omitted). As the above excerpt makes clear, the timing of the foreclosure itself was the key event that triggered the limitations period, not the amount of return. The "newly" discovered property records, therefore, would not have changed the court's decision. *See West*, 309 F.R.D. at 57.

In light of the foregoing, Plaintiff's Rule 60(b)(2) Motion is denied. This is a final, appealable order.

Dated: April 4, 2017

Amit P. Mehta
United States District Judge

3